**United States District Court**
For the Northern District of California

1

2

3

4

5 **NOT FOR PUBLICATION**

6 IN THE UNITED STATES DISTRICT COURT

7

8 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9 UNITED STATES OF AMERICA,                    No.  CR 11-00573-2 JSW

10                    Plaintiff,               **ORDER GRANTING CHRISTINA
                                               LIEW'S UNOPPOSED MOTION**
11      v.                                     **TO SEVER**

12 CHRISTINA LIEW,                             **(Docket No. 472)**

13                    Defendant.

14

15 _____/

16        On October 8, 2013, Defendant Christina Liew ("Mrs. Liew") filed a motion to sever her

17 trial from that of her co-defendants, which is noticed for hearing on November 14, 2013.  On

18 October 18, 2013, the Government filed a notice of non-opposition to Mrs. Liew's motion.

19        The Government may charge "a defendant in separate counts with [two] or more

20 offenses if the offenses charged ... are of the same or similar character, or are based on the same

21 act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed.

22 R. Crim. P. 8(a).  The Government may charge two "or more defendants if they are alleged to

23 have participated in the same act or transaction, or in the same series of acts or transactions,

24 constituting an offense or offenses.  The defendants may be charged in one or more counts

25 together or separately.  All defendants need not be charged in each count."  Fed. R. Crim. P.

26 8(b).

27        "If the joinder of offenses or defendants in an indictment, an information, or a

28 consolidation for trial appears to prejudice a defendant or the government, the court may order

**United States District Court**
For the Northern District of California

1   separate trials of counts, sever the defendants' trials, or provide any other relief that justice

2   requires." Fed. R. Crim. P. 14.

3       In general, there is a "preference" for joint trials. *Zafiro v. United States*, 506 U.S. 534,

4   537 (1993). "[W]hen defendants properly have been joined under Rule 8(b), a district court

5   should grant a severance under Rule 14 only if there is a serious risk that a joint trial would

6   compromise a specific trial right of one of the defendants, or prevent the jury from making a

7   reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

8       Ms. Liew moves for severance on the basis that she requires the testimony of her co-

9   defendant, Mr. Liew. Mr. Liew attests that he will not testify at a joint trial, but that he would

10  testify on Mrs. Liew's behalf at a separate trial. (Declaration of Walter Liew, ¶¶ 6-7.) Mrs.

11  Liew also submits evidence in support of her motion that Mr. Liew's testimony would be

12  favorable to her defense. *See, e.g., United States v. Reese*, 2 F.3d 807, 892 (9th Cir. 1993);

13  *United States v. Mariscal*, 939 F.2d 894, 986 (9th Cir. 1991). Based on the showing in Mrs.

14  Liew's moving papers, and the Government's lack of opposition, the Court GRANTS Mrs.

15  Liew's motion to sever.

16      The Court VACATES the following dates as to Mrs. Liew only: November 15, 2013,

17  deadline to submit pretrial filings; December 15, 2013, pretrial conference; and January 6, 2014,

18  trial. The parties shall appear on March 6, 2014 for a status conference.

19      **IT IS SO ORDERED.**

20  Dated: October 21, 2013

21                                          JEFFREY S. WHITE
                                            UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28